IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 5:10-CV-00300

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  Plaintiff,  v.  BELK, INC.,  Defendant. | **COMPLAINT**  **JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Myra Jones-Abid ("Jones-Abid"), who was adversely affected by such practices. Specifically, the Equal Employment Opportunity Commission (the "Commission") contends that Defendant Belk, Inc. ("Belk") discriminated against Ms. Jones-Abid when it refused to accommodate Jones-Abid's religious beliefs, and discharged her because of her religion, Jehovah's Witness.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Belk, Inc. has been a Delaware corporation doing business in the state of North Carolina and the City of Raleigh, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Belk, Inc. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Jones-Abid filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about November 27, 2008, Defendant engaged in unlawful employment practices at its facility located in Raleigh, North Carolina, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by refusing to accommodate the religious belief and practice of Myra Jones-Abid and discharging her because of her religion, Jehovah's Witness.

8. Jones-Abid has been a practicing Jehovah's Witness since 1989. As a Jehovah's Witness, Jones-Abid is prohibited from celebrating any holidays which her religion deems to be

2

based on pagan traditions, which includes Christmas. Accordingly, Jones-Abid does not celebrate Christmas or engage in traditions or other conduct that recognizes the Christmas holiday. Jones-Abid holds the sincere religious belief that she cannot do so.

9. On or about November 27, 2008, Jones-Abid, who worked as a Customer Service/Gift Wrap Associate at Defendant's Crabtree Valley Mall store, was told by a co-worker that she was required to wear a red "Santa" hat and apron for the holiday season. Because of her religious beliefs, Jones-Abid declined to wear the Santa hat and apron, which are traditionally associated with Christmas.

10. A short time later on that same day, November 27, 2008, Jones-Abid was instructed by Defendant's Operations/Human Resource Manager to put on the Santa hat and apron. Jones-Abid informed the Operations/Human Resource Manager that she could not wear the Santa hat and apron because doing so was against her religion. The Operations/Human Resource Manager then informed Jones-Abid that the Santa hat and apron needed to be worn for the entire holiday season, and if Jones-Abid could not wear the Santa hat and apron then she did not need to come back to work. Defendant thereby refused to accommodate Jones-Abid's sincerely held religious beliefs and discharged her because of her religion.

11. The effect of the practices complained of above has been to deprive Jones-Abid of equal employment opportunities and otherwise adversely affect her status as an employee because of her religion.

12. The unlawful employment practices complained of above were intentional.

13. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Jones-Abid.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against current or future employees based on their religious beliefs and their refusal to violate their religious beliefs.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, including an effective policy prohibiting religious discrimination, all of which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Jones-Abid by providing appropriate back pay and benefits with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described above, including but not limited to reinstatement or front pay.

D. Order Defendant to make whole Jones-Abid by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to job search expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Jones-Abid by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to emotional pain, suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights and other non-pecuniary losses, in amounts to be determined at trial.

4

F. Order Defendant to pay Jones-Abid punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 29th day of July, 2010.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

TRACY HUDSON SPICER
Supervisory Trial Attorney
Washington Field Office
131 M Street, N.E.
Washington, D.C. 20507

5

/s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, N.C. 28202

/s/ Zoë G. Mahood
ZOË G. MAHOOD
N.C. Bar No. 21722
Senior Trial Attorney
Raleigh Area Office
1309 Annapolis Drive
Raleigh, North Carolina 27608-2129
Telephone: 919.856.4080
Facsimile: 919.856.4156
Zoe.mahood@eeoc.gov

ATTORNEYS FOR PLAINTIFF

6